UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS CASILLAS,<br><br>    Defendant. | Criminal Case No. 22-30018-MGM |

MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S
MOTION FOR PRETRIAL DETENTION

Defendant Carlos Casillas ("Defendant") is charged by indictment with one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) & (b)(2). The government moved for pre-trial detention, invoking the presumption that applies when there is probable cause to believe that the defendant committed an offense involving a minor in violation of 18 U.S.C. § 1591. *See* 18 U.S.C. § (e)(3)(A). The court held a hearing on the government's motion on July 6, 2022, and, at the conclusion of the hearing, took the government's motion under advisement.

The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the

danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

In terms of personal characteristics, according to the pretrial services report, Defendant is a forty-eight-year-old man whose family moved to Springfield in 2004. He has very strong ties to the area, including immediate family members and a significant other with whom he shares two sons. He was released in March 2022 by the state court on home detention monitored by GPS. He has been living with his significant other and their sons. He was employed as a personal care assistant prior to his arrest. He has limited financial resources. He has medical and psychological conditions for which he is in treatment and it appears he is compliant with treatment. His criminal history consists primarily of motor vehicle violations and shoplifting. Defaults in the record generally appear to arise from failure to make required payments to the state courts. According to the pretrial services report, he has no prior convictions for any sex offenses. He has charges of enticing a child under 16 and aggravated rape of a child pending in state court. So far as appears from the pretrial services report, these offenses have not been indicted. The state court charges arise from the conduct on which the pending federal charge is also based.

The government's reasons for moving for pre-trial detention were ably presented at the hearing and carry weight. A federal grand jury found probable cause to believe that Defendant used means affecting interstate commerce to entice a particularly vulnerable individual – a runaway who told Defendant she was thirteen at the time – to engage in a commercial sex act. He communicated by text messages with the victim and other residents at a shelter for young runaways. Defendant offered the victim marijuana and gave her alcohol and cough syrup. The government's motion for pretrial detention is based on the vulnerability of the victim and

concern that Defendant or someone with whom he is associated might seek to interfere with the government's case. These are valid concerns. However, notwithstanding the presumption and the serious nature of the charged conduct, *see* 18 U.S.C. § 3142(e)(3)(A), there are factors that cause the court to conclude that the defendant has rebutted the presumption of pretrial detention and that there are conditions of supervised release that will reasonably assure the safety of another and the community and Defendant's future appearances in court if he is released pending trial.

      Of most importance, Defendant has been on pretrial release on the pending state court charges since March 2022 on home incarceration monitored by GPS. The evidence at the detention hearing was that Defendant has complied with these stringent conditions for some three to four months. This history provides a basis to believe that he understands the importance of compliance and will continue to comply in the future. The government presented no evidence that Defendant has attempted to communicate, directly or indirectly, with the victim or any witness in the case. In fact, the government has had trouble locating potential witnesses. The government reported that Defendant erased text messages from his cell phone, but there was no evidence to show that he would be able to access any other potential evidence so that further possible destruction of evidence does not appear to provide a basis for pretrial detention. His alleged criminal conduct, while serious, was not sophisticated. He has no criminal convictions for violent behavior and no history of convictions for sex crimes. The court acknowledges that the pretrial condition of no access to the internet proposed by the Probation Department is very difficult to monitor, but this is not a child pornography case or a case of an individual using the internet other than for texting. Based on the evidence before the court, there are fewer risks from

possible internet access in this case than there have been in other cases where the condition has been imposed.

On the specific questions of risk of flight and danger to the community, the court finds as follows. The government has not shown by a preponderance of the evidence that Defendant presents a risk of flight or nonappearance. He has complied from March 2022 to the present with the condition of home detention. There was no evidence of strong ties to any other geographic location and, so far as the evidence showed, Defendant lacks the financial resources to leave the area. In view of Defendant's compliance with condition of home detention imposed by the state court and the absence of evidence that Defendant has engaged in misconduct or sought to obstruct justice in the last three to four months, the court is also satisfied that there are conditions of pretrial release that will reasonably assure the safety of another and the community if Defendant is released pending trial.

A form of conditions of release is attached hereto as exhibit 1.

/s/ Katherine A. Robertson<br>KATHERINE A. ROBERTSON<br>United States Magistrate Judge

Dated: July 18, 2022